IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| The United States of America, | Criminal Action No.: 3:17-cr-00806-JMC-1 |
| v. | ORDER AND OPINION |
| Fredrecquious Wise, | |
| Defendant. | |

This matter is before this court upon Defendant Fredrecquious Wise's Motion for Reconsideration of the court's Sentencing Order entered on March 29, 2018. (ECF No. 45.) Defendant seeks review of the court's Order sentencing him to eighty-three (83) months' imprisonment within the United States Bureau of Prisons. (*Id*.) Specifically, Defendant requests that the court reconsider and amend his sentence downward. (*Id*.) For the reasons set forth herein, the court **DENIES** Defendant's Motion for Reconsideration.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 24, 2017, a federal grand jury indicted Defendant for one count of possession of a firearm by a convicted felon. (ECF No. 2.) On October 25, 2017, Defendant entered a guilty plea to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e). (ECF No. 27.) On March 29, 2018, Defendant was sentenced to eighty-three (83) months' imprisonment within the United States Bureau of Prisons, followed by a term of three (3) years of supervised release. (ECF No. 39.)

Defendant filed his Motion for Reconsideration on June 6, 2019, requesting that the court exercise its discretion regarding the sentencing guidelines. (ECF No. 45.) Defendant requests reconsideration of his sentence based on the alleged circumstances that led to his conviction for

being a felon in possession of a firearm. (*Id*.) Defendant asks for leniency based on circumstances of his surrounding environment. (*Id*.) These circumstances include Defendant becoming an orphan at the age of one (1), after witnessing his mother being shot to death in front of him. (*Id*.) Defendant also informed the court that he has a wife, two (2) biological children and four (4) step-children. (*Id*.) He also claims that he needed a gun for protection after having been pistol whipped. (*Id*.) The United States of America ("the Government") has not filed a response to Defendant's Motion.

## II. LEGAL STANDARD

The Federal Rules of Criminal Procedure and federal case law recognize that motions for reconsideration may be proper in a criminal setting. *See* FED. R. CRIM. P. 57(b) ("A judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district."); *United States v. Dieter*, 429 U.S. 6, 8 (1976) ("The fact that appeals are now routed to the courts of appeals does not affect the wisdom of giving district courts the opportunity promptly to correct their own alleged errors."); *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011). However, the Federal Rules of Criminal Procedure do not explicitly provide formal provisions governing motions for reconsideration. *See United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010); *United States v. Fuentes-Morales*, No. 5:14-cr-00556, 2017 WL 541052, at *1 (D.S.C. Feb. 10, 2017).

The court is guided by the Federal Rules of Civil Procedure when determining if the reconsideration of a sentence is appropriate. *Rollins*, 607 F.3d at 502; *United States v. Carroll*, No. 1:16-cr-00632-JMC-10, 2018 WL 3802195, at *1 (D.S.C. Aug. 10, 2018); *Fuentes-Morales*, 2017 WL 541052, at *1. A court may alter or amend a judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure if the movant shows: (1) a change in the controlling law; (2) new evidence

2

that was not readily discoverable at the time of the initial hearing; or (3) a clear error of law causing manifest injustice. *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010).

Nevertheless, Rule 59(e) motions cannot be used as opportunities to re-litigate issues already decided just because the litigant is not happy with the result. *See Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993) ("[M]ere disagreement does not support a Rule 59(e) motion."); *Consulting Eng'rs, Inc. v. Geometric Software Sols. & Structure Works LLC*, No. 1:06cv956(JCC), 2007 WL 2021901, at *2 (E.D. Va. July 6, 2007) ("A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such a motion should not be used to 'rehash' arguments previously presented or to submit evidence which should have been previously submitted." (quoting *Rouse v. Nielsen*, 851 F. Supp. 717, 734 (D.S.C. 1994))).

### III. ANALYSIS

Here, Defendant moves to have his sentence reconsidered because he "feared for his life," and he believes that his rough upbringing, particularly his orphan status at the age of one (1), should have been taken into consideration. (ECF No. 45.) In order to grant a motion for reconsideration there must be: (1) a change in the controlling law; (2) new evidence that was not readily discoverable at the time of the initial hearing; or (3) a clear error of law causing manifest injustice. *Robinson*, 599 F.3d at 407. A motion to reconsider cannot be granted when a defendant simply wants the court to review what the court has already thought about and ruled upon. *See United States v. Dickerson*, 971 F. Supp. 1023, 1024 (E.D. Va. 1997).

In this case, there has been no change in law that would warrant reconsideration. Defendant pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). (ECF No. 27.) Defendant argues that he should be given "relief under this statute." (ECF No. 45.) However, this argument is without merit because 18 U.S.C. § 922 (g)(1)

makes it illegal for any felon, one who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, to possess a firearm. 18 U.S.C. § 922 (g)(1) permits a maximum term of imprisonment of ten (10) years. Based on the information set forth in the Presentencing Report, the sentencing guidelines recommended seventy-seven (77) to ninety-six (96) months of imprisonment for Defendant. (ECF No. 38.) Defendant was sentenced to eight-three (83) months of imprisonment, which is within the sentencing guidelines range for Defendant. (ECF No. 39.)

Defendant has also failed to provide any new evidence that would qualify him for relief. To qualify as new evidence, a party must show;

> (1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended.

*Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989) (citing FED. R. CIV. P. 60). Defendant has failed to provide any *new evidence* that meets the standard under FED. R. CIV. P. 60. The circumstances of the crime, as well as the information Defendant presents in mitigation of this crime were already detailed in both the Pretrial and Presentencing Reports. (*See* ECF Nos. 15, 38.) Therefore, this information is not new evidence.

Finally, the court finds no clear error of law causing a manifest injustice that would warrant reconsideration. Defendant was sentenced correctly in accordance with the sentencing guidelines for violating 18 U.S.C. § 922(g)(1). (ECF No. 27.) Defendant's alleged mitigating circumstances have already been considered by the court, as well as the sentencing factors under 18 U.S.C. § 3553, which revealed Defendant's significant criminal history category of VI. While Defendant challenges the sentence based primarily on the circumstances of his childhood environment,

4

Defendant's prior crimes have spanned a period of fourteen (14) years, and Defendant has showed no improvement in his criminal conduct. (*See* ECF No. 38.) Accordingly, Defendant has simply failed to satisfy any of the factors under Rule 59(e).

## IV. CONCLUSION

Upon careful consideration of Defendant's arguments, and for the reasons reviewed above, the court hereby **DENIES** Defendant's Motion for Reconsideration (ECF No. 45).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 27, 2019
Columbia, South Carolina